**GRIMM et ux. v. BECK et al.**
**(two cases).**
**Nos. 15223, 15224.**

Court of Civil Appeals of Texas.
Fort Worth.

March 9, 1951.

Rehearing Denied April 6, 1951.

Preston Pope Reynolds, of Dallas, for appellants.

Eades & Eades, of Dallas, for appellees.

HALL, Justice.

The matters involved in the two appeals numbered 15223 and 15224 on our docket, both styled Grimm v. Beck, are so interrelated that a single opinion will be written disposing of the two appeals.

Our cause No. 15223 is the appeal from cause No. 27370–C in the district court.

In the year 1948, appellees Sarah Margaret Beck et vir. sued appellants J. F. Grimm et ux. in a district court of Dallas County, Texas, to partition certain real estate located in Dallas County, Texas, and being out of the James Cole survey. On April 15, 1949, the trial court entered its judgment decreeing that appellants and appellees each owned an undivided one-half of the real estate involved. It appointed a receiver who sold the property and the court confirmed the sale.

From the confirmation of sale appellants' appeal followed, complaining in the main that said sale was invalid because the amount which it brought, to-wit: $8,300, was about one-half value of the property.

The record reveals that the trial court was very attentive to appellants' wishes pertaining to the sale, in that after the receiver had made his report and at the instance and request of appellants, the trial court postponed the sale forty-five days. At the end of this period of extension, the trial court heard testimony and found none, and neither do we, that would justify refusing confirmation of the sale originally reported by the receiver. The testimony in behalf of appellants' contention was that some person living in another county would trade property, which appellants considered to be of the value of $15,000, for the property in question here.

■ The general rule in the average partition suit pertaining to sale of real estate under order of the court is that the property must be sold at its fair market value. See 53 C.J., p. 214, sec. 347; 50 C.J.S., Judicial Sales, § 28, par. (4), page 617.

■ We find in the case at bar the trial court did not abuse its discretion in confirming the sale of this property at the highest cash price which was offered for same, especially after having given appellants forty-five additional days to find a purchaser who would pay a higher price.

The record also reveals that appellant had some four motions for continuance sustained by the trial court before final judgment was entered. It is not amiss to say that the Court of Civil Appeals for the Fifth District, sitting at Dallas, was considerate of appellants' rights in granting them eight extensions of time for filing the record in the appellate court, before the same was transferred to this court.

Our cause No. 15224 is the appeal from cause No. 36574–C in the district court.

Appellants J. F. Grimm et ux., who were also appellants in cause No. 15223, supra, brought this suit in the same district court against appellees Sarah Margaret Beck et vir., being appellees in said cause No. 15223; they made the receiver, E. L. Bale, and the Sheriff of Dallas County parties defendant, praying for an injunction to restrain said parties from carrying out the terms of the final judgment rendered in No. 15223.

Appellees, as defendants, filed their plea in abatement. After considering the evidence adduced and pleadings of the parties, the trial court sustained appellees' plea in abatement and dismissed the cause for the reason the cause of action and the property involved were the same as in cause No. 15223, and that this suit only attempted to re-litigate the issues and matters which were before the trial court in the former case. It further found the following: " * * * that the pleadings and claims made by the said J. F. Grimm and wife, Mary Grimm, in this cause and in their other said motions and applications in causes No. 27370–C and No. 36574–C, have been frivolous and malicious and without any foundation in fact or in law and have been filed and made in an attempt by said parties and their attorney to defeat the jurisdiction of this Court over said real property and to defeat delay and hinder the processes of this Court and the rights of the said Sarah Margaret Beck and Charles F. Beck, thereunder, and that such conduct on the part of said J. F. Grimm and wife, Mary Grimm, and their said attorney of record, Preston Pope Reynolds, has been unwarranted and unjustified and has resulted in an interference with the rights of the said Sarah Margaret Beck and Charles F. Beck under the final orders and judgments of this Court, and has resulted in an

undue and unlawful interference with the legal processes of this Court and has tended to render said judgments of this Court ineffectual. * * *"

Appellants' points merely challenge the correctness of the facts established and judgment entered in the former case. We find the trial court did not err in sustaining appellees' plea in abatement and dismissing this cause.

The judgment of the district court in each of said appeals is affirmed.